**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 95-10331
(Summary Calendar)
_____


GLENN T. HAMPTON,

Plaintiff-Appellant,

versus

DEPARTMENT HEALTH AND HUMAN SERVICES;
SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellees.

_____

Appeal from United States District Court
from the Northern District of Texas
(3:95-CV-400-X)
_____
June 21, 1995

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]

Glenn T. Hampton's social security benefits were
suspended during his incarceration pursuant to 42 U.S.C. § 402(x)
and 20 C.F.R. § 404.468, which prohibits the payment of benefits to
incarcerated felons. Proceeding pro se and in forma pauperis,
Hampton filed an Application for Writs of Mandamus, pursuant to 28
U.S.C. § 1361. His application states that in June 1994, he was
notified of this suspension of benefits and that he "filed an

---

[*] Local Rule 47.5 provides: "The publication of opinions
that have no precedential value and merely decide particular cases
on the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

appeal of this decision by certified mail, requesting a final decision of the Secretary as required by [42 U.S.C. §] 405(g)".[1]

In essence, Hampton's writ application requested the district court to compel the Secretary (Secretary) of the Department of Health and Human Services (Department) to enter a "final decision" regarding his "appeal" of the "decision" which suspended his benefits, because an inordinate period of time had elapsed since he initiated his appeal and because he has been denied due process and equal protection. The magistrate judge determined that the Secretary's seven month silence between the June 1994 notice of suspension and the January 1995 writ application "does not constitute such an egregious and unreasonable delay that he is entitled to mandamus relief ordering [the Secretary] to enter a final decision in that proceeding." The magistrate judge further determined that Hampton had an alternate available form of relief, namely the expedited administrative appeal process under 20 C.F.R. §§ 404.923 & 404.924. The magistrate judge concluded that Hampton failed to establish his entitlement to mandamus relief.

The district court adopted the findings and conclusions of the magistrate judge over Hampton's objections and denied the petition for a writ of mandamus. On appeal, Hampton complains that despite subsequent requests for the timely resolution of his appeal, no final decision has been rendered, even though the

---

[1] Hampton's petition was dated January 17, 1995 but was "filed" on March 3, 1995.

Secretary's final decision is a prerequisite to judicial review of the Department's action pursuant to 42 U.S.C. § 405(g). He asserts that, by this suspension of benefits, "Social Security has perpetrated a hoax upon old-age pension recipients," and has violated both their constitutional and civil rights. Hampton contends that he is entitled to the writ of mandamus because, eleven months after his June 1994 "administrative appeal," he has not yet received a hearing or final decision on his challenge to the constitutionality of the suspension of his Social Security retirement benefits.

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). It is an extraordinary remedy reserved for extraordinary circumstances. In re American Marine Holding Co., 14 F.3d 276, 277 (5th Cir. 1994). Mandamus may issue only when 1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other available remedy. Smith v. North La. Medical Review Assn, 735 F.2d 168, 172 (5th Cir. 1984). The issuance of the writ of mandamus lies within the discretion of the court to which it is directed. United States v. Denson, 603 F.2d 1143, 1146 (5th Cir. 1979).

First, Hampton's constitutional challenge to the suspension of his benefits is "insubstantial." See Smith, 735 F.2d at 172. Social security benefits are noncontractual benefits, and

3

their suspension is unconstitutional "only if the statute manifests a patently arbitrary classification utterly lacking in rational justification" and not rationally related to legitimate goals. Weinberger v. Salfi, 422 U.S. 749, 768-69 (1975) (internal quotations and citation omitted). Although the Fifth Circuit has not yet addressed the issue, several other circuits have upheld the suspension of Social Security benefits against a variety of constitutional challenges. See e.g., Davis v. Bowen, 825 F.2d 799, 800 (4th Cir. 1987), cert. denied, 484 U.S. 1069 (1988), and cases cited therein. The basic economic needs of incarcerated felons are provided for from other public sources; thus, the exclusion of felons from retirement benefits during their incarceration promotes the legitimate underlying congressional policy goal of conserving scarce Social Security resources. See id. at 801.

We agree with the district court: the magistrate judge's findings are correct. Moreover, this appeal is wholly lacking in merit and thus frivolous as a matter of law. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore DISMISSED pursuant to Local Rule 42.2. As we recently noted in Hampton v. Transamerica, No. 95-30061, (5th Cir. June 14, 1995) (unpublished), this court has previously warned Glenn T. Hampton about sanctions for such frivolous filings. The Clerk of this court shall not accept any pleadings or other filings from or on behalf of appellant without prior authority from a member of this court. Hampton is cautioned that any attempt to file pleadings or other documents that are frivolous in nature shall result in appropriate

4

sanctions which may include, without limitation, double costs, attorneys fees, fines, and contempt of court.